IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARSHALL TAYLOR,               )
                               )
         Plaintiff,            )
                               )
v.                             )    CIVIL ACTION NO.  2:05cv875-T
                               )              (WO)
RODNEY CARROLL,                )
                               )
         Defendant.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 13, 2005, *pro se* plaintiff Marshall Taylor filed this action against

defendant Rodney Carroll.  According to Taylor, Carroll failed to properly repair his truck.

He seeks to "either get [his] truck fixed or get [his] money back so [he] can go somewhere

else."  (Compl. at 3).  On September 19, 2005, this court entered an order directing the

plaintiff to show cause on or before October 4, 2005, why this case should not be dismissed

for lack of subject matter jurisdiction.  In that order, the court specifically advised the

plaintiff that "**if he fails to respond to respond to this order with specificity, the court**

**will treat his failure to respond as an abandonment of the claims set forth in his**

**complaint.  The plaintiff is further cautioned that if he fails to file a response in**

**accordance with the directives of this order, the court will recommend that this case be**

**dismissed.**"  (Doc. # 3) (emphasis in original).  To date, the plaintiff has filed nothing in

response to this court's order.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal

court practice that the court must have jurisdiction over the subject matter of the action

before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only

have the power to hear cases as authorized by the Constitution or the laws of the United

States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at

the earliest possible point in the proceeding.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d

405, 410 (11th Cir. 1999).  In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it

appears . . . that the court lacks jurisdiction, the court shall dismiss the action."  This court

operates under an independent obligation to examine its own jurisdiction continues at each

stage of the proceedings, even if no party raises the jurisdictional issues and both parties are

prepared to concede it.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).  "It is axiomatic

that a district court may inquire into the basis of its subject matter jurisdiction at any stage

of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure

3522 (1975).

A review of the complaint demonstrates that the plaintiff does not assert any federal

claim.  Thus, there is no basis under 28 U.S.C. § 331 for this court having federal question

jurisdiction over these claims.  *See* 28 U.S.C. § 1331.  A federal district court may exercise

subject matter jurisdiction over a civil action in which only state law claims are alleged if the

civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

The diversity state confers jurisdiction on the federal courts in civil actions "between citizens

of different states," in which the jurisdictional amount is met.  *See Id.*  To satisfy diversity,

not only must a plaintiff be a citizen of a state other than the state of which one defendant is

a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same

state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267

(1806).  The complaint alleges that the plaintiff is a citizen of the State of Alabama as is

defendant Rodney Carroll; therefore, there is no basis for diversity jurisdiction under 28

U.S.C. § 1332.  *See* 28 U.S.C. § 1332.  In short, this court lacks jurisdiction over all of the

plaintiff's claims and this case is due to be dismissed.

ORDERED that the parties shall  file any objections to the this Recommendation on

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be

dismissed with prejudice for lack of subject matter jurisdiction.  It is further

ORDERED that the parties shall  file any objections to the this Recommendation on

or before **October 31, 2005.**   A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive or general objections will

not be considered.  Failure to file written objections to the Magistrate Judge's proposed

findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 14th day of October, 2005.

_____/s/Charles S. Coody_____

CHARLES S. COODY

CHIEF UNITED STATES MAGISTRATE JUDGE

3